UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEVE NABATOV,

                       Plaintiff,

- versus -

SUZANNE MONDE; RANDY WALKER;
MARK HUTCHINS; ORLANDO COLE;
FIRE MARSHAL SANDREAS,

                       Defendants.

MEMORANDUM DECISION
AND ORDER

15 Civ. 6881 (AMD) (LB)

---

**DONNELLY**, District Judge:

        Plaintiff Steve Nabatov, currently incarcerated at Clinton Correctional Facility, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against a judge, attorney, fire marshal, and private individuals, regarding his arrest and prosecution on state criminal charges. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. As explained below, the complaint is dismissed for failure to state a claim upon which relief may be granted.

BACKGROUND

        For purposes of this order, I assume that the facts as stated in Nabatov's complaint are true. *See Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (finding that at the pleading stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint). On January 24, 2012, defendant Sandreas, a fire marshal, arrested Nabatov for setting two garbage bags on fire. (Compl., ECF

No. 1, at 6.) Nabatov alleges that he was making a "civilian rescue attempt" to rescue Orlando Cole, who was "missing and abducted," that he attempted the rescue because he "knew a crime had been committed upon [] Orlando Cole," and he feared being "sued for negligence." *Id.* at 4, 6. Nabatov was convicted of arson in the second degree, a class B felony, and sentenced to an aggregate maximum sentence of ten years' incarceration. *See* http://nysdoccslookup.doccs.ny.gov (last visited Jan. 7, 2016). Nabatov seeks a reduction of his criminal sentence and/or release on his own recognizance, an adjournment in contemplation of dismissal ("ACD"), and his "charges to be dropped to a non-violent felony."[1] (Compl., at 7.)

## DISCUSSION

A. *Standard of Review*

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal,* 556 U.S. at 678. A *pro se* complaint is "to be liberally construed," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and interpreted "to raise the strongest arguments that [it] suggest[s]," *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994).

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A court must dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or

---

[1] This last request was included in Nabatov's December 15, 2015 letter to the Court. (ECF No. 11.)

fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a); *see also* 28 U.S.C. § 1915(e)(2)(B)(vesting district court with authority to *sua sponte* dismiss an action proceeding *in forma pauperis* if complaint is ("(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

B.  *Wrongful Incarceration Claims*

To maintain a §1983 action, a plaintiff must allege two elements. First, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005).

Insofar as Nabatov seeks his immediate or speedier release from prison, his claims are not cognizable in this § 1983 action. In *Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973), the Supreme Court held that the sole federal remedy for challenging the fact or duration of his confinement is by way of a writ of habeas corpus. *See also Campos v. Zuntag*, Nos. 15-

3

cv-2862, 15-cv-3816, 15-cv-4667, 2015 WL 6972062, at *3 (E.D.N.Y. Nov. 9, 2015) (noting that the Supreme Court's decision in *Preiser* bars a plaintiff's challenge of the duration of his confinement).

Further, construing Nabatov's complaint broadly, he may be seeking to argue that he was falsely arrested by the fire marshal, maliciously prosecuted, and that the defense attorney and the judge assigned to his state criminal action violated his constitutional rights. (*See* Compl. at 4-7.) At the very least, Nabatov's complaint challenges his underlying criminal action and his judicially imposed sentence. (*Id.* at 7.) But Nabatov cannot recover under § 1983 for alleged wrongful incarceration unless he proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Poventud v. City of New York*, 750 F.3d 121, 129-30 (2d Cir. 2014) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *see also Daniels v. Bonilla*, No. 14-CV-3017 (KAM)(LB), 2015 WL 4894683, at *5 (E.D.N.Y. Aug. 17, 2015) (explaining that claims of false arrest pursuant to § 1983 "require the plaintiff to allege the favorable termination of his conviction or confinement.") (citing *Heck*, 512 U.S. at 486). Here, Nabatov has not alleged or shown that his conviction or sentence was reversed or invalidated as provided by *Heck*. Thus together, *Preiser* and *Heck* prohibit Nabatov, a state prisoner, from pursuing relief under § 1983 where his claim challenges, directly or indirectly, the validity of his incarceration.

B.  *Claims Against Individuals*

Nabatov does not allege any specific facts to support claims against defendants Judge Suzanne Mondo[2] or defense attorney Randy Walker. In any event, judges have absolute

---

[2] Although the Complaint refers to Suzanne Monde, I assume that it intends to name Kings County Judge Suzanne Mondo as a Defendant.

4

immunity for acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Dupree v. Bivona*, No. 07-4599-cv, 2009 WL 82717, at *1-2 (2d Cir. Jan. 14, 2009) (affirming in a summary order the dismissal of a complaint against a judge acting in her judicial capacity). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotation marks omitted).

Moreover, "it is axiomatic that neither public defenders, such as Legal Aid attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position." *Shorter v. Rice*, No. 12-cv-0111 (JFB)(ETB), 2012 WL 1340088, at *4 (E.D.N.Y. Apr. 10, 2012); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Rodriguez v. Weprin*, 116 F.3d 62, 65–66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983." (collecting cases)).

Private conduct—no matter how discriminatory or wrongful—is generally beyond the reach of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks omitted); *see also Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). For Nabatov to succeed on his § 1983 complaint, he must first establish that the conduct of the named defendants is "fairly attributable to the State." *Am. Mfrs. Mut. Ins. Co.*,

526 U.S. at 50. Here, defendants Orlando Cole and Mark Hutchins are private individuals whose conduct cannot be fairly attributed to the State. *See id.*

D.  *Leave to Amend*

A *pro se* plaintiff should ordinarily be given an opportunity to amend his complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (internal citations omitted). Where, however, it is clear from plaintiff's submission that he cannot state a plausible claim for relief, the Court need not grant him an opportunity to amend his complaint. *See, e.g., Ashmore v. Prus,* 510 Fed. Appx. 47, 49 (2d Cir. 2013) (finding that leave to amend is futile where "barriers to relief" for plaintiff's claims "cannot be surmounted by reframing the complaint"), *cert. denied,* 133 S.Ct. 2038, 185 L.Ed.2d 887 (2013). Keeping in mind plaintiff's *pro se* status, the Court finds that any attempt to amend the complaint would be futile, and denies Nabatov leave to amend his complaint. *Cuoco,* 222 F.3d at 112 (denying leave to amend a *pro se* complaint where the problem with plaintiff's complaint was "substantive" and would not be cured by "better pleading").

## CONCLUSION

For the reasons discussed above, I dismiss the action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore I deny *in forma pauperis* status for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

Ann M. Donnelly
United States District Judge

Dated: January 7, 2016
      Brooklyn, New York